Joseph Marshall and Josephine Marshall, his wife, et al. *v.* County of Susquehanna et al. Joseph Marshall and Josephine Marshall, his wife, et al., Appellants.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of three.

*George E. Clark, Jr.,* with him *Russell O'Malley, Jr.,* for appellants.

*Ulric J. McHale* and *Raymond C. Davis,* with them *James A. Kelly; Paul T. Burke;* and *Houghton & Davis,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, December 2, 1976:

Balancing the inherent authority of a court to control and dispose of litigation before it against a liti-

gant's right to his day in court are the conflicting interests underlying this appeal. The significant facts by which these conflicting interests must be weighed are not in dispute and must tip the scales in favor of appellants' right to their day in court.

In a separate but related case in the court below docketed to No. 164 November Term, 1975, proceedings had been filed to seek court approval of a compromise tax sale to which appellants here filed objections. At a hearing on October 2, 1975, in that proceedings objectors were confronted with a contention that they lacked standing to raise certain issues. Thereupon objectors' counsel agreed to withdraw the objections and stated that an action in equity would be promptly filed raising substantially the same issues as asserted in the tax compromise sale proceedings. Such a complaint in equity was filed October 9, 1975, and docketed to No. 226 November Term, 1975. Defendants in the equity action promptly filed preliminary objections raising numerous issues including standing, adequacy of remedy at law, a demurrer and want of specificity.

From this point forward to the dismissal by the court below of the complaint in equity the records of these proceedings disclose critical deficiencies and errors which defeat the action taken by the court below and abort it of its authority to control and dispose of litigation before it.

On October 17, 1975, an order of court was entered to No. 164 November Term, 1975, approving the compromise tax sale thus effectively terminating the litigation to this term and number. However, inexplicably, on November 20, 1975, the Prothonotary issued a notice of hearing to be held November 25, 1975, at 10:00 a.m., which notice bears the caption and number of the tax compromise sale proceeding (No. 164 November Term, 1975) but the exit of the notice and the notice itself are entered of record to the equity pro-

ceedings (No. 226 November Term, 1975). It is not difficult to predict what, in fact, thereafter occurred. Counsel for appellants-plaintiffs did not appear before the trial court on November 25, 1975, at 10:00 a.m., resulting in an order of court dated the same day *sustaining the preliminary objections and dismissing the complaint in equity.* Hence this appeal.

Although not of record, it was argued and not disputed that attempts were made to contact appellants-plaintiffs' counsel after 10:00 a.m. on November 25, 1975, upon their nonappearance that morning but direct contact was unsuccessful. In their briefs appellants' counsel would excuse their nonappearance for the reason that the notice of hearing they admittedly received pertained to a proceedings which they considered terminated, whereas appellees argue that the notice in question was sufficient to require their attendance at the hearing date because of the related nature of the two cases, or at least sufficient to put them on inquiry.

We will not and should not resolve the issue before us upon the appropriate inference to be taken by an attorney from these facts or what inquiry he should undertake under these circumstances. Suffice it to say that to deny a litigant his day in court on the record before us which results in the dismissal of his cause of action through sustaining of defendants' preliminary objections cannot be countenanced.

The appropriate procedure in cases of this kind would be that of the court dismissing the complaint for want of prosecution thus affording counsel an opportunity, upon a motion to open, to formally assert his reasons for nonappearance and by which the court could fully consider and pass upon this issue. By sustaining defendants-appellees' preliminary objections in this case and dismissing the complaint in equity the

court below precluded this avenue to its consideration and determination of the attorney's conduct.

## ORDER

Now, December 2, 1976, the order of the court below sustaining preliminary objections and dismissing the complaint in equity is reversed, and the case is remanded to the court below for the purpose of affording the parties argument on the preliminary objections.